UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIKE K. ALTYG,

    Plaintiff,

v.

NANCY A. BERRYHILL,
Acting Commissioner.
Social Security Administration

    Defendant.
_____/

Case No. 16-11736
Honorable Victoria A. Roberts

**ORDER: (1) OVERRULING PLAINTIFF'S OBJECTIONS [Doc. 22]; (2) ADOPTING REPORT AND RECOMMENDATION [Doc. 21]; (3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [Doc. 16]; AND (4) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [Doc. 20]**

## I. INTRODUCTION

On July 31, 2017, Magistrate Judge Elizabeth A. Stafford issued a Report and Recommendation ("R&R"), recommending that the Commissioner's Motion for Summary Judgment be GRANTED and Plaintiff's Motion for Summary Judgment be DENIED; and the Administrative Law Judge's ("ALJ") final decision be AFFIRMED. Plaintiff timely objected to the R&R; the objections are fully briefed.

For the following reasons, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** Magistrate Judge Stafford's R&R.

## II. DISCUSSION

Under Fed. R. Civ. P. 72(b)(3), a district judge is required to determine *de novo* any part of the magistrate judge's report and recommendation that has been properly objected to. *See also* 28 U.S.C. § 636(b)(1)(C). *De novo* review requires the Court to re-examine all relevant evidence

1

previously reviewed by the magistrate judge to determine whether the recommendations should be accepted, rejected, or modified. *Cole v. Comm'r of Soc. Sec.*, 105 F. Supp. 3d 738, 741 (E.D. Mich. 2015); 28 U.S.C. § 636(b)(1).

Where a party has objected to portions of a magistrate judge's report and recommendation, the Court conducts a *de novo* review of those portions. Fed. R. Civ. P. 72(b); *Lyons v. Comm'r of Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). Only those objections that are specific are entitled to a *de novo* review. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* A non-specific objection, or one that merely reiterates arguments previously presented, does not adequately identify alleged errors on the part of the magistrate judge and results in a duplication of effort on the part of the district court: "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless." *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Specific objections enable the Court to focus on the particular issues in contention. An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Id.* Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." *Id.* Non-specific objections are considered invalid, and therefore the Court must treat them as if they were waived. *See Bellmore-Byrne v. Comm'r of Soc. Sec.*, 2016 WL 5219541, at *1 (E.D. Mich. Sept. 22, 2016).

Plaintiff sets forth six objections to the R&R.

**Objection #1: Plaintiff objects that the ALJ's decision was not supported by substantial evidence. He says the ALJ disregarded Plaintiff's testimony.**

**Objection #6: Plaintiff objects that the recommendation failed to consider Plaintiff's request for a Sentence Four remand and a new consultative examination.**

These objections fail to point out specific errors in the Magistrate Judge's R&R, and are deemed **WAIVED**.

**Objection #3: Plaintiff objects that the ALJ's decision was not supported by substantial evidence because the ALJ relied on his subjective determinations about Plaintiff's credibility.**

This objection is very similar to the first objection. Plaintiff says the ALJ relied on his own subjective and biased views and disregarded the severity of Plaintiff's impairments and symptoms. In the R&R, Magistrate Judge Stafford correctly stated that the ALJ is allowed to determine the credibility of witnesses and such determinations should not be disturbed without compelling reasons. Furthermore, these determinations must be supported in the record and the ALJ must explain the bases for her credibility determinations.

The Magistrate Judge found that the ALJ properly considered all testimonial statements and evidence in the record in an unbiased fashion, but duly noted Plaintiff's credibility issues, concluding that inconsistencies between Plaintiff's statements and medical evidence undermined the Plaintiff's allegations.

Plaintiff's objection is overruled.

**Objection #4: Plaintiff objects to the recommendation that *SSR 16-3p* is not the applicable rule because it was not enacted at the time of the hearing with the ALJ.**

Plaintiff states that the ALJ should have applied *SSR 16-3p*, instead of *SSR 96-7p*. [Doc.

16, Pg 4]. The Plaintiff argues that *SSR 96-7p* is an incorrect and superseded analytic framework and the newly enacted *SSR 16-3p* would have prevented the ALJ's skewed interpretation because it restricts the ALJ's ability to assess credibility.

Magistrate Judge Stafford determined that the ALJ was correct to apply *SSR 96*-7p. She acknowledged that while *SSR 16-3p* supersedes *SSR 96-7p*, *SSR 16-3p*'s effective date was March 16, 2016, more than a year after the ALJ's decision.

Additionally, this Court recently determined that *SSR 16-3p* does not apply retroactively. *Jefferson v. Comm'r of Soc. Sec.*, 2017 WL 411211, at 4 (E.D. Mich. Jan. 9, 2017).

**Objection #2: Plaintiff argues that the ALJ disregarded applicable social security rules.**

Plaintiff argues that the ALJ's decision was not supported by substantial evidence because the ALJ disregarded Social Security Ruling 95-5p. This rule states that symptoms can sometimes suggest greater severity of impairment than shown by medical evidence alone.

This argument was not raised in the Plaintiff's initial brief [Doc. 16]. The Magistrate Judge Act bars parties from introducing new arguments or issues to the district judge, absent compelling reasons. Plaintiff does not provide any.

Plaintiff's objection is overruled.

**Objection #5: Plaintiff objects that the ALJ's decision was not supported by substantial evidence because the ALJ deemed Plaintiff's failure to work the result of "malingering."**

The Magistrate Judge noted there was no mention of "malingering" in the ALJ's decision. The ALJ stated that Plaintiff seems to embellish his condition. Magistrate Judge Stafford stated that it is permissible for the ALJ to consider exaggerations by the Plaintiff regarding his subjective symptoms. Although the ALJ acknowledged that the impairments could cause the alleged symptoms, the Plaintiff's statements concerning the intensity and persistence of his symptoms were not entirely credible, according to the ALJ. The Magistrate Judge found that

the ALJ based this conclusion on Plaintiff's conflicting statements about his intoxication level during a motor vehicle accident in December 2012. Additionally, the ALJ noted that the Plaintiff's testimony was at odds with medical records from June 2014 which suggested improvement. The ALJ stated that these inconsistencies suggested embellishment.

Plaintiff's objection is overruled.

### III. CONCLUSION

After a *de novo* review of the relevant evidence, the Court agrees with the Magistrate Judge's findings and conclusions. She considered the record as a whole and her conclusions are well supported.

The Court **OVERRULES** Plaintiff's objections and **ADOPTS** Magistrate Judge Stafford's R&R.

The Defendant's motion is **GRANTED**; Plaintiff's motion is **DENIED.**

**IT IS ORDERED.**

/s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: 9/28/17